# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2021

Lyle W. Cayce
Clerk

No. 21-60782

RODERICK WINSTON STANTON-BLACK,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A 035-166-856

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Roderick Winston Stanton-Black, a citizen of Jamaica, first came to the United States in 1978 as a lawful permanent resident. On January 10, 1995, he was convicted for conspiracy to possess and distribute cocaine and was sentenced to more than forty years in prison. On February 9, 2021, the Department of Homeland Security served him with a Notice to Appear,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

alleging that he was removable pursuant to the Immigration and Nationality Act by virtue of his aggravated felony.

Stanton-Black admitted that he was removable under the Immigration and Nationality Act but sought protection under the "Convention Against Torture" (CAT). *See* Convention Against Torture, and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85 (entered into force for the United States Nov. 20, 1994). He alleged that in 2010, while he was in prison, a man consensually performed a sex act on him. A gang composed of Jamaican men known as the "Rude Boys" took Stanton-Black outside and punched him in the face three or four times. They told him that by engaging in homosexual activity he was disrespecting the Rastafarian and Jamaican community, and that they would murder him when he returned to Jamaica. Based on these events, Stanton-Black alleges that he is entitled to relief under the CAT.

The Immigration Judge ordered Stanton-Black removed to Jamaica and denied his request for protection under the CAT. The Immigration Judge concluded that while Stanton-Black was punched, he had not shown that it was more likely than not that he would be tortured by or with the consent of the Jamaican government. The Board of Immigration Appeals affirmed the decision of the Immigration Judge and dismissed Stanton-Black's administrative appeal. Stanton-Black then filed a petition for review, along with an emergency request for a stay of removal.

We review the Immigration Judge's factual determinations for substantial evidence, meaning that we will only reverse if we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Milat v. Holder*, 755 F.3d 354, 359 (5th Cir. 2014) (quoting *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006)). This review is highly deferential. "[A] reviewing court must accept 'administrative findings' as

'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Motions for a stay of removal are governed by the four-factor test announced in *Nken v. Holder*: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors "are the most critical." *Id.* The third and fourth factors merge where, as here, the Government opposes the stay. *Id.* at 435.

We start with the merits. To succeed on the merits, Stanton-Black must show two things: "first, [that it is] more likely than not that the alien will be tortured upon return to his homeland; and second, [that there is] sufficient state action involved in that torture." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006). Stanton-Black has not shown either of these things. The Immigration Judge's determination that Stanton-Black was not tortured was not unreasonable. Stanton-Black was punched three or four times, did not require medical care, and has not been injured by the Rude Boys again for the rest of his time in prison. He does not allege that any other person has been tortured by the Rude Boys for homosexual activity. And Stanton-Black provided the Immigration Judge with absolutely no evidence linking the Rude Boys and the Jamaican government, much less evidence that the two organizations cooperate to torture homosexuals. To the contrary, the Immigration Judge noted that a Human Rights Report on the country of Jamaica contained no reference to the Rude Boys at all. Therefore, substantial evidence supported the Immigration Judge's factual findings that Stanton-Black "has not met the high burden to show[] that he is more likely

than not to be tortured in Jamaica by the Rude Boys" and "has also not demonstrated that the Jamaican government would more likely than not acquiesce to such torture even if it were to occur." *Cf. Blake v. U.S. Att'y Gen.*, 945 F.3d 1175, 1178 (11th Cir. 2019) (denying motion for emergency stay of removal because petitioner did not show that he would be "tortured by or with the consent or acquiescence of Jamaican officials on returning to his home country").

Nor has Stanton-Black demonstrated that he would be irreparably harmed if he had to pursue his petition from abroad. He argues that it would be extremely difficult to pursue relief from Jamaica as he is proceeding *pro se*. But the Supreme Court explicitly stated that this is not enough to meet the second *Nken* factor. "[T]he burden of removal alone cannot constitute the requisite irreparable injury. Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal." *Nken*, 556 U.S. at 435.

Finally, the third and fourth factors, which merge in cases such as this one where the government opposes the stay, weigh against granting the emergency stay. "Of course there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Id.* at 436. However, as explained above, Stanton-Black has not shown that he is being wrongfully removed or that he is being removed to a country where he is likely to face substantial harm. And absent this consideration, the public has an "interest in prompt execution of removal orders: The continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings IIRIRA established, and 'permit[s] and prolong[s] a continuing violation of United States law.'" *Id.* at 436 (alterations in original) (quoting *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 490 (1999)).

No. 21-60782

For the forgoing reasons, IT IS ORDERED that Petitioner's motion for stay of removal pending review is DENIED.